IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-557-BO

| | | |
|---|---|---|
| THE HISTORIC PRESERVATION FOUNDATION OF NORTH CAROLINA, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| LILLIAN S. HARDY & BANK OZK, | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on defendant Lillian Hardy's motion to dismiss. A hearing was held on the matter on June 2, 2021, at 2:00 p.m. at Elizabeth City. For the reasons stated below, the Court grants defendant's motion to dismiss for failure to state a claim.

## BACKGROUND

Plaintiff acquired the Old Lexington Post Office, located at 220 South Main Street in the City of Lexington, Davidson County, North Carolina, from Davidson County by a special warranty deed recorded August 16, 2012. DE 1-7, ¶ 9. In the Vesting Deed, defendant acknowledged and agreed that the property "is a building of recognized historical, cultural, and architectural significance worthy of preservation, rehabilitation, continued maintenance, and meaningful reuse for the benefit of its owners and the community in which it is located." *Id.* at ¶ 14. The Vesting Deed also contained protective covenants for the property, as required by N.C. Gen. Stat. § 160A-266, and the protective covenants incorporate by reference a Rehabilitation Agreement between plaintiff and defendant dated August 15, 2012. *Id.* at ¶ 10. The original Rehabilitation Agreement between the parties was amended and restated by an amended and

restated Rehabilitation Agreement between plaintiff and defendant dated December 23, 2015. *Id.* The protective covenants and the Rehabilitation Agreement require defendant to rehabilitate and maintain the property in accordance with the U.S. Secretary of the Interior's Standards for the Rehabilitation of Historic Properties (1992) in order to preserve the historic and architectural integrity of the property. *Id.* at ¶ 15.

Pursuant to the original Rehabilitation Agreement, defendant was required to undertake a complete specific portions of the work by designated milestones, continuing through October 31, 2015, when defendant was required to have "complete[d] all interior and exterior work needed to make the original Old Lexington Post Office comfortably habitable and to comply with this Rehabilitation Agreement." *Id.* at ¶ 16. When defendant failed to complete the work by October 31, 2015, the parties agreed to extend the milestones as set forth in the amended Rehabilitation Agreement. *Id.* at ¶ 18. The amended agreement set the new final deadline as December 31, 2016. *Id.* at ¶ 19.

Defendant again failed to meet the milestones outlined in the Rehabilitation Agreement by the final deadline of December 31, 2016. *Id.* at ¶ 20. On December 23, 2019, plaintiff initiated this action in Wake County Superior Court, seeking to enforce terms, conditions, and covenants contained in the Vesting Deed. Plaintiff alleges that defendant has failed to comply with the protective covenants and the Rehabilitation Agreement between the parties. On October 21, 2020, defendant removed the action to this Court. DE 1. Defendant filed the instant motion to dismiss on November 13, 2020 pursuant to Rule 12(b)(6) for failure to state a claim. DE 9.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the

court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendant has moved to dismiss for failure to state a claim for three reasons: 1) the statute of limitations bars all claims, 2) the terms of the subject agreement bar plaintiff's unjust enrichment claim, and 3) plaintiff is not entitled to the requested equitable relief. Plaintiff does not contest defendant's motion to dismiss as to the unjust enrichment claim. Therefore, the Court grants defendant's motion to dismiss as to plaintiff's unjust enrichment claim.

The Court next considers defendant's argument that the statute of limitations bars all claims. Defendant argues that the statute of limitations is three years. In its brief, plaintiff argues that a ten-year limitations period applies based on a statute applicable to any action "upon a sealed instrument or an instrument of conveyance of an interest in real property, against the

3

principal thereto." N.C. Gen. Stat. § 1-47(2). In the alternative, plaintiff argues that a six-year statute of limitations applies. Plaintiff appears to have abandoned the argument that a ten-year statute of limitations is applicable, arguing at the hearing only that a six-year statute of limitations applies. The Court finds that the three-year statute of limitations is applicable in this case.

The statute of limitations for a breach of contract action is generally three years, although there are some exceptions. N.C. Gen. Stat. § 1-52(1); *Warrender v. Gull Harbor Yacht Club*, 228 N.C. App. 520, 541 (2013). One such exception is for an action "for injury to any incorporeal hereditament," to which a six-year statute of limitations applies. N.C. Gen. Stat. § 1-50(a)(3). The term "incorporeal hereditament" has been defined as:

> Anything, the subject of property, which is inheritable and not tangible or visible. A right issuing out of a thing corporate (whether real or personal) or concerning or annexed to or exercisable within the same. A right growing out of, or concerning, or annexed to, a corporeal thing, but not the substance of the thing itself.

*Ocracomax, LLC v. Davis*, 248 N.C. App. 532, 539 (2016) (citing *Karner v. Roy White Flowers, Inc.*, 134 N.C. App. 645, 649 (1999)). Protective covenants are a type of incorporeal right. *See Terres Bend Homeowners Ass'n v. Overcash*, 185 N.C. App. 45, 49 (2007) (stating that protective covenants create incorporeal rights).

Plaintiff argues that the Vesting Deed in this case contains protective covenants, which run with the land and are to be administered and enforced by plaintiff, and that the six-year statute of limitations therefore applies. However, the complaint shows that plaintiff is seeking relief for breach of the commercial contract, or the parties' amended Rehabilitation Agreement, rather than a covenant. The protective covenants plaintiff refers to do not specify any rehabilitation work, but instead burden the property with several negative restrictions that run

4

with the land. The only specified rehabilitation work that defendant agreed to perform, and is now being accused of failing to perform, is detailed in the Rehabilitation Agreement. The Rehabilitation Agreement, as opposed to the Vesting Deed, does not contain any language suggesting the rehabilitation work requirements were to run with the land. Plaintiff's argument that the Vesting Deed incorporates the Rehabilitation Agreement fails, as the Vesting Deed was written in 2012, three years before the 2015 Rehabilitation Agreement was even written. The Court finds that plaintiff's claims are based entirely on defendant's alleged failure to do the work described in the 2015 Rehabilitation Agreement and that the three-year limitations period for commercial contracts is thus appropriate.

The parties also disagree over when the statute of limitations period commenced. Plaintiff argues that this contract is for continued performance and that the statute of limitations did not begin to run until final performance was due, or until December 31, 2016. Defendant argues that the statute of limitations began to run on February 1, 2016, when plaintiff first sustained an injury. The Court agrees with defendant and finds that the statute of limitations began to run on February 1, 2016.

"A cause of action generally accrues and the statute of limitation begins to run as soon as the right to institute and maintain a suit arises." *ACTS Retirement-Life Cmtys., Inc. v. Town of Columbus*, 248 N.C. App. 456, 459 (2016) (citing *Penley v. Penley*, 314 N.C. 1, 20 (1985)); *see also* N.C. Gen. Stat. § 1-15(a). The right to institute an action commences when a defendant breaks her promise or takes an action inconsistent with the promise, and the cause of action in a breach of contract case occurs when an injury is first sustained. *PharmaResearch Corp. v. Mash*, 163 N.C. App. 419, 424–25 (2004).

5

In this case, Section A of the Rehabilitation Agreement between the parties laid out deadlines for rehabilitation. The first deadline states: "By January 31, 2016, [defendant] shall cleanup all of the exterior landscape." Eight other deadlines are outlined, with one deadline almost every month. The tenth and final deadline states: "By December 31, 2016, the Owner shall complete all interior and exterior work needed to make the original Old Lexington Post Office comfortably habitable and to comply with this Rehabilitation Agreement." Plaintiff concedes that defendant failed to clean up the exterior landscape or complete any of the other obligations enumerated in Section A. Therefore, defendant breached the Rehabilitation Agreement when she failed to meet the January 31, 2016 deadline to clean up all of the exterior landscape. Defendant merely aggravated the breach when she allegedly failed to perform any of the other renovation work required under the Rehabilitation Agreement.

Plaintiff attempts to circumvent the February 1, 2016 accrual of the statute of limitations by asserting that where a contract provides for continued performance, the statute of limitations does not begin to run against the non-breaching party until the final performance is due. Defendant relies on North Carolina Court of Appeals case *Vreede v. Koch*, in which a promissory note required monthly payments until the principal and interest were paid in full and the court found that the limitations period did not begin to run until the date final performance was due, even though the most recent installment payment had been made five years earlier. 94 N.C. App. 524, 525–26 (1989). However, in that case, the promissory note provided that "Notwithstanding the foregoing [installment provisions], any unpaid balance, including any unpaid interest, shall be due and payable on the first day of October 1985." *Id.* at 525. The court noted the "notwithstanding" language in its analysis, but such language is absent here. The "comfortably habitable provision" in the Rehabilitation Agreement in this case does not have the

6

same effect as the "notwithstanding" language and it does not give defendant an extension of time to perform the work otherwise enumerated in the agreement. Thus, the aggregation of the contract breach does not allow plaintiff to reset the statute of limitations clock. Plaintiff did not file suit within three years of February 1, 2016, the date the statute of limitations began to run, and the case must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 9] is GRANTED. This action is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this the 13 day of June, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE